UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANA LUKACS,

    Petitioner,

v.                          Case No: 2:13-cv-771-FtM-38UAM

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

    Defendant.
_____/

### ORDER[1]

This matter comes before the Court on review of Plaintiff's Complaint (Doc. #1) filed on July 1, 2013. This case was transferred to the Middle District of Florida on October 29, 2013. (See Doc. #16). Plaintiff brings this case against Defendant based on diversity jurisdiction. This requires complete diversity of citizenship, and that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a); Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). In an action filed directly in federal court, plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction. King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007).

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

Plaintiff has not properly alleged the citizenship of Plaintiff or Defendant. Instead, Plaintiff's Complaint only indicates "[j]urisdiction is proper in this Court as the parties have diversity of citizenship and the amount in controversy exceeds $75,000.00." (Doc. #1, ¶5). This is insufficient to assert subject matter jurisdiction.

Diversity can exist in several ways. See 28 U.S.C. § 1332(a). An individual is a citizen where he is domiciled. Domicile is the place of an individual's true, fixed, and permanent home and to which he has the intention of returning whenever he is absent therefrom. See e.g, Arrol v. Heron, No. 2:10-cv-655-FtM-29DNF, 2011 WL 672417, at *1 (M.D. Fla. Feb. 17, 2011). A corporation is a citizen of both the state of its incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The principal place of business is determined by the "nerve center" test. Hertz Corp. v. Friend, 559 U.S. 77 (2010). Plaintiff's Complaint does not indicate Plaintiff's citizenship, Defendant's place of incorporation, or Defendant's principal place of business. Even if diversity of citizenship exists, the allegations are insufficiently pled.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff's Complaint (Doc. #1) is **DISMISSED without prejudice**. Plaintiff shall file an amended complaint that properly alleges the Court's subject matter jurisdiction no later than **November 13, 2013**. Failure to comply with this Order may result in the case being dismissed without further notice for failure to allege the Court's subject matter jurisdiction.

(2) The Preliminary Pretrial Conference scheduled on November 22, 2013, is hereby **CANCELED**.

(3) Plaintiff's pending motions (Doc. #20 and Doc. #21) are hereby **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida this 1st day of November, 2013.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

3